**William P. ROSE, Jr., Petitioner,**

v.

**J.R. JOHNSON, et al., Respondents.**

**Civ. A. No. 82–60361.**

United States District Court,
E.D. Michigan, S.D.

May 25, 1983.

William P. Rose, Jr., pro se.

Sheldon N. Light, Detroit, Mich., for respondents.

# MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Petitioner William P. Rose has moved for reconsideration of this court's April 14, 1983 memorandum opinion and order denying his petition for writ of habeas corpus. The motion is denied.

■ The motion was filed April 29, 1983 and would, therefore, appear to be untimely. Local Rule 17(k)(1) requires that a motion for reconsideration "be served not later than 10 days after entry of such judgment or order."

■ However, even assuming that the motion was timely filed, it is clearly without merit. Mr. Rose's first contention is that 18 U.S.C. § 4210, which provides for forfeiture of parole time when the parolee has been convicted of a federal, state, or local crime *punishable by a term of imprisonment,* does not permit forfeiture when the parolee is convicted of an offense punishable by a *jail* term. Mr. Rose was convicted, while on parole, of tampering and causing damage to a motor vehicle, a misdemeanor. M.C.L.A. § 750.416. He served 60 days in jail.

The word "imprisonment" cannot be so narrowly read. The statute itself says, "punishable by a term of imprisonment, detention or incarceration *in any penal facility....*" 18 U.S.C. § 4210(b)(2). The implementing regulation, 28 C.F.R. § 2.52(c)(2) also broadly defines the concept of "imprisonment":

An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose *any term of confinement or imprisonment in any penal facility.*

■ M.C.L.A. § 750.504 makes the crime of tampering and causing damage to a motor vehicle punishable by "*imprisonment* in the county jail for not more than 90 days or by a fine of not more than 100 dollars, or by both...." Thus, it is clear that Mr. Rose was convicted of a state offense punishable by a term of "imprisonment" within the meaning of 18 U.S.C. § 4210(b)(2).

Mr. Rose's second contention is that forfeiture of his "street" time violated the Double Jeopardy Clause of the Fifth Amendment because he had already been punished by a 60-day jail term. Neither the revocation of Mr. Rose's parole nor the forfeiture of his "street" time violated the Double Jeopardy Clause. Revocation of his good time credit was not a second punishment for the state misdemeanor conviction. It was a recommencement of the sentence imposed for the original federal offense.

For these reasons, the motion for reconsideration is denied.

So Ordered.