782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JIMMIE DEE BARNES, Petitioner-Appellant,
v.
UNITED STATES PAROLE BOARD, Respondent-Appellee.
 85-1440
 United States Court of Appeals, Sixth Circuit.
 12/4/85
 ORDER
 
 1
 BEFORE: KEITH and MILBURN, Circuit Judges; and UNTHANK, District Judge.*
 
 
 2
 This matter is before the Court on appellant's motion for appointment of counsel in this appeal from the district court's denial of appellant's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241 in which appellant challenged the United States Parole Commission's revocation of his parole. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record, and appellant's brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The factual background which gave rise to this appeal, as accurately described by the district court, is as follows:
 
 
 4
 Petitioner was sentenced to 25 years in the custody of the Attorney General on a charge of armed bank robbery on December 15, 1971. He was released on parole on January 23, 1979. On April 10, 1982, he was arrested by the Detroit Police Department and charged with various state offenses involving the possession and discharge of a firearm. On April 15, 1982, the United States Parole Commission issued a parole violator warrant charging petitioner with (1) felonious assault, (2) unauthorized possession of a firearm, and (3) unauthorized possession of a dangerous weapon.
 
 
 5
 The issues raised on appeal are whether the double jeopardy clause of the Fifth Amendment prohibits the United States Parole Commission from using criminal charges, which are later dismissed, as the basis for finding new criminal conduct to revoke appellant's parole and whether the United States Parole Commission abused its discretion in disregarding the state court's dismissal of criminal charges in making its determination that appellant had engaged in new criminal conduct.
 
 
 6
 Appellant first argues that use of the criminal charges against appellant, later dismissed by a state court, to 'enhance his prison term' violates the double jeopardy clause. Revocation of parole does not violate the double jeopardy clause. Rose v. Johnson, 563 F.Supp. 801 (E.D. Mich. 1983), because it is not a second punishment for an already adjudicated offense; it is simply a reimposition of the previously determined punishment.
 
 
 7
 The second argument advanced by petitioner is that the United States Parole Commission erred in basing revocation of appellant's parole on criminal charges that were dismissed by the state court after parole had been revoked. Appellant contends that since the charge of unauthorized possession of a firearm resulted in a non-jury finding of not guilty, this charge was improperly considered by the United States Parole Commission. This issue is resolved by application of Taylor v. United States Parole Commission, 734 F.2d 1152 (6th Cir. 1984).
 
 
 8
 In Taylor, this Court concluded that the United States Parole Commission may find a parole violation based on its own finding of new criminal conduct even if the parolee is later acquitted of all charges arising from the same conduct. See Steinberg v. Police Court of Albany, New York, 610 F.2d 449 (6th Cir. 1979). Furthermore, this Court determined that the United States Parole Commission may consider heresay which is reasonably reliable in reaching its decision. Taylor, supra at 1155. Unlike Taylor, the United States Parole Commission herein issued a subpoena to the investigating officer, heard testimony from appellant, his fiance, his mother and his employer, and apparently had the police reports before it at the revocation hearing. It is therefore concluded that there was no abuse of discretion by the USPC. Furthermore, appellant admitted to unauthorized possession of a firearm; presumably this conduct alone would have been a sufficient basis upon which the USPC could revoke appellant's parole.
 
 
 9
 Therefore, it is ORDERED that the motion for appointment of counsel e denied and that the district court order denying the petition for a writ of habeas corpus be affirmed.
 
 
 
 *
 The Honorable G. Wix Unthank, U.S. District Judge for the Eastern District of Kentucky, sitting by designation